UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE GENE BUSH,<br><br>      Plaintiff,<br><br>  v.<br><br>EDDIE YLST, Warden San Quentin State Prison,<br><br>      Defendant.<br>_____/ | No. C 08-04462 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Order to Show Cause** |

Petitioner Ronnie Gene Bush ("petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254. His petition is now before the court for preliminary review pursuant to 28 U.S.C. section 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Venue is proper in this district because petitioner was sentenced and convicted in the Northern District of California. *See* 28 U.S.C. § 2241(d); Habeas Local Rule 2254-3(a)(1).

BACKGROUND

Petitioner, a California state parolee, filed a petition for writ of habeas corpus with this court on September 24, 2008. *See* Docket No. 1 (Petition for Writ of Habeas Corpus ("Petition")). Petitioner alleges that he is entitled to immediate, unconditional release from parole, as his actual period of incarceration far exceeded his designated prison sentence, and that the additional period of incarceration should be deducted from his parole period, effectively eliminating further parole.

1  Petitioner was convicted in 1985 of conspiracy to commit kidnapping for ransom, for which he received an indeterminate life sentence. *See* Petition, Exh. B (Superior Court Order) at 1. Between 1991 and 2003 petitioner appeared before the Parole Board on several occasions for parole eligibility hearings. *Id.* at 1. Parole was routinely denied until a July 27, 2004 hearing at which petitioner was found eligible for and was to be released on parole. *Id.* at 1-2. The Parole Board's decision regarding petitioner's release became final on November 15, 2004, on which date petitioner should have been released. *Id.* at 2. The Parole Board fixed petitioner's "base term" pursuant to California Code of Regulations Title 15 section 2282 to be 150 months, or twelve years and six months. *Id.* at 2. By November 2004, petitioner had already been incarcerated for more than twenty years. *Id.* at 2. Petitioner, despite having been found eligible for parole, was not released from custody until March 19, 2005. *Id.* at 2-3. The Governor had requested an en banc review of the Parole Board's eligibility finding, pursuant to California Penal Code section 3041.1. *Id. at* 3. Petitioner was held in custody pending the en banc review. *Id.* Petitioner objected to his continued incarceration, claiming the time period for review had expired and filed a petition for writ of habeas corpus in the Superior Court for the County of Marin. *Id.* The petition was granted and petitioner was released from custody on March 19, 2005 and placed on parole for a period of 5 years. *Id.*

Petitioner filed another petition in Superior Court for the County of Marin on May 13, 2007, focusing solely on the issue of whether petitioner's excess custody credits should be deducted from his parole period. *Id.* at 1. The court concluded that petitioner's incarceration was lawful, up to November 15, 2004, and he was not entitled to credits against parole for his incarceration up to and including November 15, 2004. *Id.* at 11. The court found, however, that petitioner was entitled to credit for the time incarcerated beyond November 15, 2004. *Id.* at 11. The Parole Board was ordered to reduce petitioner's parole period by 124 days, the time between November 16, 2004 and March 19, 2005. The Parole Board was further ordered to give petitioner credit for all conduct credits earned during that specific period of time. *Id.* at 12.

2

## LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "on behalf of a person on custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4, Rules Governing Section 2254 Cases. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990), *cert. denied sub nom. Hendricks v. Calderon,* 517 U.S. 1111 (1996).

## DISCUSSION

Petitioner alleges that he is unlawfully restrained of his liberty by the State of California, specifically the Parole Board, in violation of both the Equal Protection and Due Process Clauses of the United States Constitution, and that this court has jurisdiction to order his immediate release from actual and constructive custody. Petitioner alleges that the Parole Board gave petitioner a twelve and one half year term, but he actually served twenty years in custody which is eight years of actual incarceration beyond his twelve and one half year term. In addition, the Parole Board placed him on parole and assigned him to the most stringent high control supervision which has resulted in petitioner being denied repeated requests to travel to training seminars required by his employer. Petitioner argues that the base term of twelve and one half years set by the Parole Board was a determinate term of incarceration, and therefore he is entitled to the application of all existing statutory, regulatory and case law applicable to any other person serving a determinate term of parole. The sole issue that petitioner presents is whether his eight years of alleged excess incarceration apply to reduce his parole period.

3

In the Marin County Superior Court, petitioner filed for writ of habeas corpus, asserting that he was entitled to be discharged from parole based on the claim that he was entitled to credit against his parole period for time spent incarcerated that exceeded the base term of twelve years and six months as calculated by Parole Board. The Superior Court denied the petition. The First District Court of Appeal also denied the petition holding that the petitioner was not entitled to have his parole period reduced by time spent in custody that exceeded the base term set by the Parole Board. In addition, the First District Court of Appeal held that the parole regulation requiring that any amount of pretrial incarceration credit that remained after deduction from the sentence imposed be credited against parole period did not require credit against the parole period for time spent incarcerated in excess of the base term. The California Supreme Court also denied the petition. Therefore petitioner has fully exhausted his state remedies and is properly before this court to challenge the action of the State in placing him on parole.

In the interest of obtaining complete briefing on the issues raised by the petitioner, the court ORDERS respondent to SHOW CAUSE on the following: (1) whether petitioner has a claim for substantive relief, (2) assuming that petitioner has a claim for substantive relief, whether petitioner's claim become moot upon the expiration of his parole term, and (3) whether there are collateral consequences as to having a different parole termination date.

## CONCLUSION

(1) Pursuant to 28 U.S.C. section 2243, this court finds that petitioner's claims require an answer from the respondent. The court ORDERS respondent to SHOW CAUSE why the writ should not be granted.

(2) The clerk of this court shall, by certified mail: (a) serve a copy of this Order and a copy of petitioner's petition upon the Attorney General of the State of California; and (b) serve a copy of this Order upon petitioner and petitioner's attorney.

(3) Pursuant to Habeas Local Rule 2254-6(b), respondent shall file an answer with this court within **sixty (60)** days of the date of this order. This answer shall show cause why a writ of habeas

corpus should not issue and shall conform in all respects to Rule 5 of the Rules Governing Section 2254 Cases and Habeas Local Rule 2254-6(b).

(4) Pursuant to Habeas Local Rule 2254-6(c), petitioner shall serve and file a traverse within **thirty (30)** days after respondent has filed an answer.

(5) This matter shall be deemed submitted as of the date petitioner's traverse is due. No hearing will be held unless the court so orders at a later date.

IT IS SO ORDERED.

Dated: January 12, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California