UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE GENE BUSH, | No. C 08-04462 MHP |
| Petitioner, | |
| v. | **MEMORANDUM & ORDER** |
| EDDIE YLST, | **Re: Motion to Dismiss** |
| Respondent. | |

Petitioner Ronnie Gene Bush ("Bush" or "petitioner"), a California parolee, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. In his petition, Bush argues that the California Court of Appeal violated the Due Process Clause by refusing to recognize his liberty interest in credit for time served in excess of the base term of his sentence. Now before the court is the respondent's motion to dismiss the petition. Having considered the parties' submissions and arguments, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

In 1985, Bush was convicted of conspiracy to commit kidnapping for ransom and attempted kidnapping for ransom. *In re Bush*, 161 Cal. App. 4th 133, 138 (2008). Bush received an indeterminate life sentence commencing on October 4, 1985. *Id.* Bush's minimum parole release date was September 5, 1992. *Id.* At seven parole hearings between 1992 and 2003, the Board of Parole Terms ("the Board") determined that Bush was unsafe for release and denied his applications

for parole. *Id.* On July 27, 2004, however, the Board determined Bush no longer posed a current threat to public safety, and therefore found him eligible for parole. *Id.* at 139. The Board then calculated Bush's base sentence, using the base sentence matrix provided at title 15, section 2282 of the California Code of Regulations, and taking into account the considerations specified in sections 2282-2284. Those regulations and matrices set the base sentence according to the severity of the offenses for which the prisoner is incarcerated. The Board determined that Bush's crimes merited a base sentence of 150 months, or 12.5 years. *Id.* By this time, Bush had been in prison for more than 20 years. *Id.* Because Bush's term of imprisonment exceeded his base term, the Board set a release date of November 16, 2004, followed by a five year term of parole. *Id.*

Before Bush was released from prison, the Governor requested *en banc* review of the Board's decision. *Id.* at 139. While review was pending, Bush filed his first habeas petition, arguing that the Governor's request was untimely. *Id.* The Marin County Superior Court granted this petition on March 15, 2005, and ordered his release on March 19, 2005. *Id.*

Bush did not receive parole credit for the period between his scheduled release on November 16, 2004 and actual release date of March 19, 2005. *Id.* Later in 2004, Bush filed a second petition for a writ of habeas corpus in the Marin County Superior Court, alleging that the time he was incarcerated in excess of his 150 month base term and the time he was incarcerated pending the *en banc* review should both be credited toward his five-year term of parole. *Id.* at 145. His petition was granted in part and denied in part on August 4, 2006. *Id.* The Superior Court determined Bush was entitled to credit for approximately four months of incarceration while the *en banc* review was pending. *Id.* The court denied his petition with respect to the time spent incarcerated in excess of the base sentence. *Id.*

On March 25, 2008, the California Court of Appeal affirmed, holding that because Bush was serving an indeterminate life sentence his imprisonment in excess of the term set by the base sentencing matrix was not unlawful. *Id.* The California Court of Appeal held that an inmate serving an indefinite term is lawfully confined until he has both served his base sentence and satisfied the Board that he will not pose an unreasonable danger upon his release. *Id.* at 143. The California

2

Court of Appeal further held that only time in prison spent in excess of the lawful confinement—for example the time between the Governor's untimely request for review *en banc* and Bush's release from prison—can be credited toward parole. *Id.* The California Supreme Court denied review of his petition on July 9, 2008. *In re Bush*, California Supreme Court Docket No. S162361 (July 9, 2008).

Bush filed the instant writ of habeas corpus on September 22, 2008, arguing that the California Court of Appeal had violated his right to due process by unreasonably refusing to follow an unpublished opinion by the California Court of Appeal in the Sixth Appellate District. *In re Smith*, H03021 (September 5, 2007, California Court of Appeal, Sixth Appellate District) (*See* Docket No. 1, (Pet.) Exh. A) (electronic and reporter citations unavailable). The *Smith* decision, as Bush interprets it, recognized a parolee's liberty interest in credit for time served toward his term of parole for his incarceration in excess of the base term of his indeterminate life sentence.

Respondent now moves to dismiss under Rule 4 of the Rules Governing Section 2254 Cases based on Bush's failure to adequately allege any violation of the Constitution or laws or treaties of the United States. Docket No. 8 (Mot.) at 1.

LEGAL STANDARD

The instant motion to dismiss before the court is based on Rule 4 of the Rules Governing Section 2254 Cases, which states that "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Respondent asserts that Rule 4 applies based on the absence of any question implicating the Constitution or laws or treaties of the United States. Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007). The court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

3

Under the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), this court may entertain a petition for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA defines a violation of the Constitution or laws or treaties of the United States as adjudication which either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

DISCUSSION

Bush argues that he was denied due process of law when the California Court of Appeal refused to recognize a liberty interest in credit for the time he served in excess of the base term of his indeterminate life sentence. The Due Process Clause of the Constitution protects certain liberty interests created under state law, including state laws which govern the methodology for calculating the credit an inmate has earned toward release. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (holding that inmates have a liberty interest in "good time" credits created by state statute and could not be deprived of them without at least minimal due process); *see also Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987) (recognizing due process protection for a prisoner's liberty interest created by state law requiring "some evidence" for the denial of parole); *McQuillion v. Duncan* (*McQuillion I*), 306 F.3d 895, 901 (9th Cir. 2002) ("[A] state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest."); *McQuillion v. Duncan* (*McQuillion II*), 342 F.3d 1012, 1015 (9th Cir. 2003) (concluding that denial of parole was based on insufficient evidence and that petitioner was entitled to parole credit for time spent unlawfully imprisoned). The United States Supreme Court recognizes "no constitutional or

4

inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Federal law does not dictate any methodology for granting parole or calculating credit for state prisoners, and the role of federal courts is limited to the enforcement of due process rights created by state law. *See id.* In *Hayward v. Marshall*, the Ninth Circuit held that a California law requiring that parole denials be based on "some evidence" of prospective danger created a constitutionally protected liberty interest in the inmate's release absent any evidence of prospective dangerousness. 603 F.3d 546, 561 (9th Cir. 2010) (en banc). The court in *Hayward* stated that those liberty interests originate from state law and that there is "no federal 'some evidence' rule in the air." *Id.* at 555. Instead, the decision followed *Allen* by permitting the federal courts to enforce the due process guarantees created by the California legislature for parole determinations. *Id.* at 563.

The central issue in this case concerns the duration of the term of lawful confinement under California law. If the lawful term is limited to the base term as determined by the base sentence matrices, then Bush would be constitutionally entitled to credit for time served in excess of his lawful term. When considering Bush's earlier habeas petitions, the California Court of Appeal held that the base term is not the upper limit of the lawful term for indeterminate life sentences. *Bush*, 161 Cal. App. 4th at 142. It held that any period of time spent incarcerated after the end of the base term but before the inmate is paroled shall be counted toward that inmate's indeterminate life sentence. *Id*. Once time served is credited toward the life term, it is not also credited toward the term of parole. *Id.* Although, as the *Hayward* court observed, California's parole laws establish protected liberty interests in certain circumstances, the California Court of Appeal found no such interest here. *Bush*, 161 Cal. App. 4th at 142; *cf.*, *Allen*, 482 U.S. at 378 n.8 (holding that the Nebraska statute created a liberty interest in the absence of an opinion by a Nebraska court to the contrary); *Hill*, 472 U.S. at 454 (holding that a statute as interpreted by the Massachusetts Supreme Judicial Court created a liberty interest in good time credits). Bush contends nonetheless that the state court here erred in not finding a liberty interest because: (1) a contrary unpublished decision, *In re Smith,* compels a different result, (2) the California Court of Appeal unreasonably interpreted the

5

relevant state statutes and regulations, and (3) the liberty interest was recognized in an earlier case, *In re Hogan*, 187 Cal. App. 3d 819, 824 (1986).

Bush relies on an unpublished California case, *In re Smith*, 2007 WL 1267483, Docket No. 1, Exh. A, which reaches a seemingly contrary result. In interpreting California law, the court reviewing Bush's case was not bound by this unpublished decision. *See* Cal. Rule of Court 8.1115(a) (prohibiting courts and parties from citing or relying on unpublished opinions).

The California Court of Appeals rejected Bush's interpretation of the California parole statutes and regulations, holding that the term of lawful confinement was not limited to the base term. California Penal Code section 2900 states, "Except as provided in this section, all time served in an institution designated by the Director of Corrections shall be credited as service of the term of imprisonment." The term of imprisonment is defined in section 2900.5 as "any period of imprisonment prior to release on parole and any period of imprisonment and parole, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency." The court, interpreting sections 2900 and 2900.5, held:

> We construe section 2900.5, subdivision (c) to mean "any period of imprisonment *lawfully served.*" Thus, the "term of imprisonment" includes the time a life prisoner lawfully spends in prison custody awaiting a determination of suitability for parole, a construction of the statute that is consistent with the statutory scheme and promotes public policy.

The court rejected Bush's contention that he need only satisfy the base term requirements without regard to the Board's suitability determination, stating "[t]he Board's decision that a prisoner is suitable for release precedes and is distinct from its choice of a base term fixing an actual release date." *Id.* at 141 (citing Cal. Penal Code § 3041). *See also In re Elkins*, 144 Cal. App. 4th 475, 499 (2006) (holding that the base term of an indeterminate sentence is distinct from a finding that the inmate is suitable for parole); *In re Dannenberg*, 34 Cal. 4th 1061, 1080 (2005) (denying release for a prisoner who was found unsuitable for release on parole after completing the base term of his indeterminate sentence). The California Court of Appeal appears to have reasonably interpreted Cal. Penal Code sections 2900, 2900.5, and 3041 in holding that "Bush received credits for all the time

6

1 he lawfully spent in prison custody pending the suitability determination in his case, and he is
2 entitled to no further reduction of his parole period." *Bush*, 161 Cal. App. 4th at 143.

3 State court interpretations of state law "are binding on this court unless we determine such
4 interpretations to be untenable, or a veiled attempt to avoid review of federal questions." *Powell v.*
5 *Ducharme*, 998 F.2d 710, 713 (9th Cir. 1993). This court may not second-guess the state court's
6 interpretation of its own statute. *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977) ("[I]t is a
7 well-established principle of federalism that a state decision resting on an adequate foundation of
8 state substantive law is immune from review in the federal courts."); *see also Estelle v. McGuire*,
9 502 U.S. 62, 68 (1991) (holding that a district court was not permitted to retry state issues stated in a
10 petition for a writ of habeas corpus unless they rose to the level of a constitutional violation).
11 Mindful of the high standard of proof for federal intervention in state court interpretations of state
12 law, this court finds the California Court of Appeal's decision to be a tenable and non-pretextual
13 interpretation of California law.

14 Bush lastly argues that the decision in *Hogan*, 187 Cal. App. 3d at 824, created a liberty
15 interest in release upon completion of the base term. That case concerned a treaty governing the
16 transfer of Canadian citizens from United States prisons to Canadian prisons once the Board sets
17 their release date. *Id.* (citing Treaty Between the United States of America and Canada on the
18 Execution of Penal Sentences, U.S.-Can., March 2, 1977, 30 U.S.T. 6263) The only issue addressed
19 by the court in *Hogan* was how to interpret the Treaty, specifically, "whether petitioner's
20 indeterminate term of 26 years to life constitutes a sentence of "imprisonment for life" under article
21 III, section 7, subdivision (a), of the Treaty, or an indeterminate term which remains to be "fixed"
22 under subdivision (b)." *Id*. The court held that, for the purposes of the Treaty, an indeterminate life
23 sentence becomes a fixed term of confinement when the parole board fixes a release date. *Id.* at 827.
24 The *Hogan* court did not address the issue here—whether, under California law, a prisoner serving
25 an indeterminate term is entitled to credit for time served in excess of the base term.

26 Bush raises no claims which are cognizable in habeas corpus by this court, and, for the above
27 reasons, Ylst's motion to dismiss is therefore GRANTED.

28

7

CONCLUSION

For the foregoing reasons, Ylst's motion to dismiss is GRANTED. Petitioner Ronnie Gene Bush's petition for a writ of habeas corpus, pursuant to 28 U.S.C. section 2254, is DISMISSED.

Because for the reasons stated above petitioner cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling", Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated: November 18, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California